UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | |
|---|---|
| United States of America, | CASE NO. 5:25-CR-469 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| vs. | |
| Diego Perez Lux, | Memorandum of Opinion and Order |
| Defendant. | |

**INTRODUCTION**

This matter is before the Court upon Defendant Diego Perez Lux's Motion to Dismiss Indictment (Doc. 18). Defendant is charged in a three-count indictment related to his unlawful employment as a non-U.S. citizen. For the reasons that follow, Defendant's Motion to Dismiss Indictment is GRANTED.

**BACKGROUND**

Defendant was arrested during the execution of a federal search warrant at AZZ Galvanizing in Canton, Ohio, on August 6, 2025. Defendant began working at AZZ Galvanizing on December 15, 2017. On that date, Defendant signed a Form I-9, Employment Eligibility Verification, falsely claiming to be a U.S. citizen by using the name, social security number, and date of birth of one Martin Eduardo Gonzalez Martinez. AZZ Galvanizing submitted this information to the Department of Homeland Security E-Verify system on or about December 15, 2017. E-Verify replied that Martin Eduardo Gonzalez Martinez was a citizen of the United States, and that employment was authorized.

The Government has not alleged any other evidence to suggest that the information submitted by Defendant to obtain employment in December 2017 was used in any other manner since that date.

Defendant is charged in a three-count indictment with the following offenses: Count 1, False Claim to U.S. Citizenship to Engage Unlawfully in Employment, in violation of 18 U.S.C. § 1015(e); Count 2, Misuse of Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B); and Count 3, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). Defendant has moved to dismiss all three counts in the indictment as time barred by the applicable statute of limitations. The Government opposes the motion.

**STANDARD OF REVIEW**

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant can move to dismiss an indictment that fails to state an offense. An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Court must take the indictment's factual allegations as true and decide only whether the indictment is "valid on its face." *Costello v. United States*, 350 U.S. 359, 363 (1956); *see United States v. Williams*, 504 U.S. 36, 54–55 (1992) (limiting pretrial review of indictments to facial challenges).

**DISCUSSION**

As a general rule, "[t]he statute of limitations begins to run when a crime is complete, that is, when each element of the crime charged has occurred." *United States v. Grenier*, 513 F.3d 632, 636 (6th Cir. 2008) (citing *United States v. Lutz*, 154 F.3d 581, 586 (6th Cir. 1998)). But in *Toussie v. United States*, 397 U.S. 112 (1970), the Supreme Court recognized the "continuing offense doctrine," which serves as a "limited" exception to this general rule when either (1) "the explicit language of

2

the substantive criminal statute compels such a conclusion," or (2) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id.* at 115.

Generally, the "nature" of a continuing offense is that "each day's acts bring a renewed threat of the substantive evil Congress sought to prevent." *Id.* at 122. *See also United States v. Tavarez-Levario*, 788 F.3d 433 (5th Cir. 2015) ("The defining characteristic of a continuing offense is that it involves ongoing perpetration, which produces an ongoing threat of harm."). "Conspiracy and kidnapping are classic examples of continuing offenses." *States v. Pontz*, 132 F.4th 10, 25 (1st Cir. 2025).

Here, the parties agree that, absent any exceptions, the applicable statute of limitations for the charged offenses is five years.[1] (Doc. 18, at 3 (citing 18 U.S.C. § 3282(a)); Doc. 21, at 3 (same).) Defendant's motion turns then on whether 18 U.S.C. § 1015(e)—False Claim to U.S. Citizenship to Engage Unlawfully in Employment—or 42 U.S.C. § 408(a)(7)(B)—Misuse of a Social Security Number—qualifies as a "continuing offense."

### A. 18 U.S.C. § 1015(e)—False Claim to U.S. Citizenship to Engage Unlawfully in Employment

18 U.S.C. § 1015(e) provides that "[w]hoever knowingly makes any false statement or claim that he is, or at any time has been, a citizen or national of the United States," "with the intent to obtain on behalf of himself, or any other person, any Federal or State benefit or service, or to engage unlawfully in employment in the United States" "[s]hall be fined under this title or imprisoned not more than five years, or both."

---

[1] The parties agree that Count 3—Aggravated Identity Theft—in violation of 18 U.S.C. § 1028A(a)(1) is a continuing offense only when it is predicated on a continuing offense and that, if Counts 1 and 2 are time barred by the five-year statute of limitations, then Count 3 is too.

3

The Government seemingly concedes that 18 U.S.C. § 1015(e)'s explicit language does not make it a continuing offense and, instead, argues only that "Count [1] is a continuing offense under the second prong of the *Toussie* test." (Doc. 21, at 5.) In doing so, the Government focuses on the statutory language "to engage unlawfully in employment in the United States," contending that "[e]ngaging unlawfully in employment" "is not a singular event" but, rather, is "an ongoing, continuous act." (*Id.*)

The obvious problem with the Government's contention, however, is that the plain language of the statute does not criminalize "engaging unlawfully in employment." Rather, the statute's language plainly criminalizes "mak[ing] any false statement or claim" of U.S. citizenship "with the intent" "to obtain [a government] benefit or service, or to engage unlawfully in employment in the United States." 18 U.S.C. § 1015(e). To establish a violation of Section 1015(e), the Government must prove three elements: (1) a false statement or claim, (2) knowingly made, (3) with the intent to either obtain a government service or to engage in employment. Engaging in unlawful employment is not an element of this offense. In fact, hypothetically, a defendant could be found guilty of violating Section 1015(e) without ever actually engaging in any unlawful employment, so long as the defendant made a false statement with the intent to do so. *See Grenier*, 513 F.3d at 636 (finding crime is "complete" "when each element of the crime charged has occurred").

To be sure, the Government's focus on Defendant's continued employment was addressed and rejected by the Fifth Circuit in an analogous case: *United States v. Tavarez-Levario*, 788 F.3d 433 (5th Cir. 2015). In *Tavarez-Levario*, the defendant was "indicted by a federal grand jury for having knowingly used, possessed, obtained, accepted, and received a counterfeit I–551 ('green card') and counterfeit Social Security card in violation of 18 U.S.C. § 1546(a)." *Id.* at 435.

4

Specifically, the defendant allegedly "presented a counterfeit green card and counterfeit Social Security card to obtain employment[.]" *Id.* In rejecting the Government's argument that the offense was a continuing one because it enabled the defendant to maintain the ongoing benefits of employment, the Fifth Circuit pointed out that, "under *Toussie*, the analysis of whether a crime constitutes a continuing offense involves examining the offense itself, not the defendant's particular conduct." *Id.* at 440 (citing *Toussie*, 397 U.S. at 115). "Second, the fact that a particular defendant's conduct provided long-term benefits to that defendant does not mean that his offense is a continuing one." *Id.* (citing cases). "Instead, the nature of the offense itself must be such that it inherently involves criminal activity of an ongoing or continuous character." *Id.* (citing *Toussie*, 397 U.S. at 115, 122). This Court finds the Fifth Circuit's reasoning in *Tavarez-Levario* to be relevant and adopts its well-reasoned analysis here.

Simply, the 18 U.S.C. § 1015(e)'s explicit language makes clear that it prohibits the *act* of making a false statement or claim with the specific intent to obtain a government benefit, service, or

to engage in employment.[2] By the Government's own allegations, Defendant only made a false statement or claim with the intent to engage in employment one time, on December 15, 2017.[3]

Further, the Government's conclusory contention that Defendant concealed his identify and, thus, tolled the statute of limitations is also without merit. The Government fails to cite any cases tolling the statute of limitations under circumstances similar to Defendant's conduct. At most, the Government cites a single unreported case from the Third Circuit: *United States v. Lazo-Rodriguez*, 569 F. App'x 103 (3d Cir. 2014).

In *Lazo-Rodriguez*, the defendant was charged with unlawful reentry in violation of 8 U.S.C. § 1326. Defendant was convicted of aggravated robbery while in the United States as a lawful permanent resident. Upon his arrest, he provided a fake identity. Thus, his fingerprints and criminal history were associated with that false identify. After his conviction, the defendant was deported

---

[2] By criminalizing a distinct act, Section 1015(e) is clearly inapposite to the possession cases cited by the Government, which emphasize criminalizing a course of conduct. Possession cases criminalize the conduct of possession—not the act of coming into possession. *E.g.*, *United States v. Jones*, 533 F.2d 1387, 1391 (6th Cir. 1976) ("Possession is a course of conduct, not an act; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm. If Congress had wished to punish each act of dominion it could have done so easily by forbidding the acts of dominion instead of the course of conduct."). Again, here, by its plain language, Section 1051(e) criminalizes the act of knowingly making a false statement with the intent to engage unlawfully in employment—it does not criminalize the conduct of engaging unlawfully in employment.

[3] The Government claims in its opposition to Defendant's motion that "Defendant did not falsely claim to be a U.S. citizen for merely one day to gain employment[.]" (Doc. 21, at 6.) But according to the allegations in the indictment charging Defendant, that is exactly what happened. The Government alleges that Defendant falsely claimed to be a U.S. citizen on December 15, 2017, with the intent to engage in employment. The Government does not present any other evidence to suggest that the information submitted by Defendant to obtain employment in December 2017 was used in any other manner since that date. *Contra United States v. Hernandez*, Case No. 5:25-cr-467 (N.D. Ohio Dec. 30, 2025).

6

under the false name. At some point after his deportation, the defendant reentered the United States using his true identity, which, having no criminal record associated with it, did not trigger any scrutiny at the time of his border crossing. Defendant again enjoyed permanent resident status for several years. Only after the defendant applied for United States citizenship, and his fingerprints were run through an FBI database, was his criminal history matched to his true identify. Defendant was charged with two counts of naturalization fraud, and one count of being found in the United States after having previously been deported, in violation of 8 U.S.C. § 1326. The defendant moved to dismiss the unlawful reentry count as time barred, arguing that the United States had actual and constructive knowledge that he had a criminal history under a different name more than five years prior to his indictment. Ultimately, the court tolled the statute of limitations because of the defendant's "active concealment of his deportation history." *Id.* at 104.

Here, the Government has not alleged any evidence of similar "active concealment" by Defendant. Beside his initial statement on December 15, 2017, the Government has not alleged that Defendant made any other statements or claims to the Government to conceal his alleged crime. This is a far cry from the deliberate actions specifically intended to thwart the Government's investigation in *Lazo-Rodriguez*.[4]

---

[4] The Government also cites *United States v. Del Percio*, 870 F.2d 1090 (6th Cir. 1989) to support its position. But like *Lazo-Rodriguez*, the "concealment" that the Sixth Circuit hypothesized could toll the statute of limitations for violating Nuclear Regulatory Commission ("NRC") regulations was some active, additional concealment of the violations—not the mere occurrence of the violation itself. *Del Percio*, 870 F.2d at 1097 ("[W]e note that the defendants did not attempt to conceal the alleged violations from the NRC or otherwise preclude the government from discovering the alleged offenses. Under different circumstances, a 'possessory' crime might properly be found to constitute a continuing offense because of the nature of the defendant's actions.").

7

For all these reasons, the Court finds that 18 U.S.C. § 1015(e) is not a continuing offense.[5] The instant offense was "complete" on December 15, 2017, and, thus, now barred by the applicable five-year statute of limitations. Accordingly, Count One—False Claim to U.S. Citizenship to Engage Unlawfully in Employment—must be dismissed.

### B. 42 U.S.C. § 408(a)(7)(B)—Misuse of a Social Security Number

Second, 42 U.S.C. § 408(a)(7)(B) provides that whoever, for any purpose, "with intent to deceive," "falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to him or to another person," "when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him or to such other person" "shall be guilty of a felony[.]"

Here too, there is nothing in the explicit, plain language of this statute that compels the conclusion it is a continuing offense. The statute does not use the phrase "continuing offense," nor does it mention the statute of limitations. *See Del Percio*, 870 F.2d at 1096 (concluding that the explicit language of a statute did not satisfy the first prong of the *Toussie* test because it did not use the term continuing offense or mention the statute of limitations and when it began to run).

Further, while the Sixth Circuit has not yet addressed whether 42 U.S.C. § 408(a)(7)(B) is a continuing offense, the Government acknowledges that "other Circuits have held that this specific statute is not a continuing offense." (Doc. 21, at 9. ("If this offense is not considered a continuing

---

[5] This follows several other district courts in this Circuit who have reached the same finding. *United States v. Perez-Ajanez*, 2025 WL 3682790, at *6 (N.D. Ohio Dec. 19, 2025); *United States v. Amaya-Calles*, 2025 WL 3491542, at *5 (N.D. Ohio Dec. 5, 2025); *United States v. Ramos-Santis*, Case No. 5:25-cr-403 (N.D. Ohio Dec. 5, 2025); *United States v. Perez*, 2025 WL 3466958, at *6 (N.D. Ohio Dec. 3, 2025).

offense, then the [G]overnment agrees that the statute of limitations has tolled.").) Specifically, the Tenth Circuit has explicitly addressed whether Section 408(a)(7)(B) constitutes a continuing offense and addressed many of the arguments raised by the Government here. *United States v. Payne*, 978 F.2d 1177 (10th Cir. 1992), *cert. denied*, 508 U.S. 950 (1993). In *Payne*, Tenth Circuit ultimately held that Section 408(a)(7)(B) is not a continuing offense and "that the crime is complete at the time of the representation." *Id.* at 1180. This Court agrees with the Tenth Circuit's reasoning in *Payne* and adopts its well-reasoned analysis here.

Further, the Government's suggestion that Section 408(a)(7)(B) is a continuing offense because Defendant continued to receive paychecks due to his misuse of another's social security number was rejected by the Tenth Circuit in *Payne*. 978 F.2d at 1180 ("Had Congress intended the crime to continue beyond the point that Defendant made the false representations, Congress could easily have prohibited concealing or failing to disclose a true social security number as it did in another subsection. However, by only prohibiting a false representation, Congress expressed its intention that the crime is complete at the time of the representation." (citations and emphasis omitted)).[6]

For these reasons, and the reasons discussed above, the Court finds that 42 U.S.C. § 408(a)(7)(B) is not a continuing offense.[7] The instant offense was "complete" on December 15, 2017,

---

[6] As discussed above, this argument was also explicitly addressed and rejected by the Fifth Circuit in *Tavarez-Levario* and the Court adopts its well-reasoned analysis here.

[7] This also follows several other district courts in this Circuit who have reached the same finding. *United States v. Perez-Ajanez*, 2025 WL 3682790, at *6 (N.D. Ohio Dec. 19, 2025); *United States v. Amaya-Calles*, 2025 WL 3491542, at *5 (N.D. Ohio Dec. 5, 2025); *United States v. Ramos-Santis*, Case No. 5:25-cr-403 (N.D. Ohio Dec. 5, 2025); *United States v. Perez*, 2025 WL 3466958, at *6 (N.D. Ohio Dec. 3, 2025).

and, thus, now barred by the applicable five-year statute of limitations. Accordingly, Count Two—Misuse of a Social Security Number—must be dismissed.[8]

**CONCLUSION**

For all the aforementioned reasons, Defendant Diego Perez Lux's Motion to Dismiss Indictment (Doc. 18) is GRANTED and the Indictment is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date: 1/22/26

---

[8] Because the Court has determined that both Counts 1 and 2 are time barred by the five-year statute of limitations, Count 3 is also time barred. Therefore, Count 3 of the Indictment must also be dismissed.

10